UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRUCE WILLIAMS,

Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

Defendant.

No. 2:13-cv-0011 DAD

ORDER

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

On November 12, 2009, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on May 24, 2006. (Transcript ("Tr.") at 113.) Plaintiff's application was denied initially, (id. at 60-64), and upon reconsideration. (Id. at 68-72.) Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on August 1, 2011. (Id. at 30.) Plaintiff was represented by an attorney and testified at that administrative hearing. (Id. at 30-

31.) In a decision issued on August 25, 2011, the ALJ found that plaintiff was not disabled. (Id. at 25.)

The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since November 12, 2009, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: left rotator tendinosis; left patellofemoral syndrome; left plantar fasciitis; status post fracture of upper extremity; depressive disorder NOS; post-traumatic stress disorder traits; and borderline intellectual functioning (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can lift and carry 20 pounds occasionally; 10 pounds frequently on the left upper extremity and no restrictions on the right upper extremity; and occasionally overhead reaching on the left. The claimant is capable of performing simple repetitive tasks in a non-public setting.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on July 23, 1963 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since November 12, 2009, the date the application was filed (20 CFR 416.920(g)).

(Id. at 16-24.)

/////

On November 30, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's August 25, 2011 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 2, 2013.

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

/////

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

APPLICATION

In his pending motion plaintiff argues that the ALJ committed the following three principal errors in finding him not disabled: (1) the ALJ failed to discuss the treating psychiatric record; (2) the ALJ improperly disregarded the testimony of a lay witness; and (3) other reasons.[1]

## I. Treating Psychiatric Record

Plaintiff argues that the ALJ failed to discuss his "extensive treating record involving over 50 visits," for psychiatric treatment. (Pl.'s MSJ (Dkt. No. 15) at 8.) Plaintiff argues that as a result of that failure the ALJ failed to discuss "[t]reating source opinions . . . ." (Id.)

Plaintiff's argument confuses medical records with the opinion of a treating physician. In this regard, "[t]he ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. It is legal error for an ALJ to discount he opinion of a treating physician without providing a

[1] Issue C of plaintiff's motion is titled "The Decision should also be Reversed for other Reasons Discussed Above." (Pl.'s MSJ (Dkt. No. 15) at 10.) Within this section of plaintiff's motion his counsel addresses purported subset reasons, labeled by counsel as 1a and 1b, 2 and 3, why the ALJ's decision should be reversed. According to plaintiff's counsel, these subset reasons for reversal were "expressed more briefly than the first two arguments," raised by plaintiff's motion because they were purportedly incorporated into the motion's statement of facts. (Id.) Counsel is advised that, in the future, any claim of error a plaintiff wishes to raise should instead be fully and separately argued and supported.

specific and legitimate reason for doing so. Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007.)

Unlike medical opinion evidence, however, "[t]he primary function of medical records is to promote communication and recordkeeping for health care personnel – not to provide evidence for disability determinations." Orn v. Astrue, 495 F.3d 625, 634 (9th Cir. 2007). Accordingly, "in interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted). Instead, the ALJ must only provide an explanation for the rejection of "significant probative evidence." Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted).

Here, plaintiff merely refers to the medical records from his psychiatric treatment visits in their entirety, without pointing to any specific significant record the ALJ purportedly failed to consider. In doing so, plaintiff has not established that the ALJ failed to provide an explanation for the rejection of any significant probative evidence.

Accordingly, plaintiff is not entitled to summary judgment in his favor with respect to this claim.

## II. Lay Witness Testimony

Plaintiff also argues that the ALJ erred in disregarding the third party statement offered by a law witness. (Pl.'s MSJ (Dkt. No. 15) at 9-10.)

The testimony of lay witnesses, including family members and friends, reflecting their own observations of how the claimant's impairments affect his activities must be considered and discussed by the ALJ. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006). Lay witness testimony "cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). If the ALJ chooses to reject or discount the testimony of a lay witness, he or she must give specific reasons germane to each particular witness in doing so. Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999); Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).

/////

Here, the ALJ considered the lay witness statement of plaintiff's friend, Charlotte Malone, but "accorded no weight" to the statement because Ms. Malone was "not an acceptable medical source." (Tr. at 23.) In doing so, the ALJ erred. See Tobeler v. Colvin, 749 F.3d 830, 834 (9th Cir. 2014) ("lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment"); Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006) ("ALJ must consider lay witness testimony"); Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) ("friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition"); 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e) (evidence from non-medical sources such as family members, friends, and neighbors, may be used to show the severity of an impairment and how it affects the claimant's ability to work).

However, in this case the error was harmless because the ALJ also rejected the lay witness testimony at issue because it was "inconsistent with medical opinions of record, the objective findings and the record as a whole." (Tr. at 35.) These cited reasons are specific and germane for rejecting testimony. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ need only give germane reasons for discrediting the testimony of lay witnesses. Inconsistency with medical evidence is one such reason."); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."); see also Harris v. Colvin, --- Fed. Appx. ---, ---, 2014 WL 3974131, at *1 (9th Cir. Aug. 15, 2014) ("The agency gave sufficiently 'germane' reasons for discounting the statements of various lay witnesses because they were inconsistent with the record and did not support the frequency of episodes Harris alleged he experienced."); Barr v. Colvin, --- Fed. Appx. ---, ---, 2014 WL 3686129, at *1 (9th Cir. July 25, 2014) ("The ALJ discounted lay witness Seivert's testimony about Barr's symptoms for the germane reason that her testimony conflicted with medical evidence.")[2]

/////

[2] Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Moreover, the ALJ found plaintiff's own testimony only partially credible for essentially the same reasons that the ALJ found Ms. Malone's lay testimony not to be credible. In this regard, the ALJ found that the "overall minimal medical treatment records, medical imagery and testing, and claimant's testimony challenge a finding that the claimant is completely credible . . . ." (Tr at 23.) For reasons discussed further below, the court finds that the ALJ gave clear and convincing reasons for rejecting plaintiff's own testimony and that those reasons also serve as germane reasons for rejecting the testimony of the lay witness in question. See Molina v. Astrue, 674 F.3d 1104, 1122 (9th Cir. 2012) ("an ALJ's failure to comment upon lay witness testimony is harmless where the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims"); Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony."); Lubin v. Commissioner of Social Sec. Admin., 507 Fed. Appx. 709, 712 (9th Cir. 2013) ("error was harmless because Mrs. Lubin's testimony was substantially, if not exactly, the same as Lubin's").[3]

Accordingly, plaintiff is not entitled to summary judgment in his favor with respect to this claim.

## III. Other Reasons

In the course of a few sentences plaintiff asserts that the ALJ erred at steps two and three of the sequential evaluation by failing to "reference the medical evidence," and by failing to consider the treating mental health record. (Pl.'s MSJ (Dkt. No. 15) at 10.)

Plaintiff's argument is devoid of any citation to, or discussion of, allegedly important evidence that the ALJ allegedly failed to consider. Moreover, a reading of the ALJ's opinion reveals that plaintiff's argument is without merit. In this regard, at step two of the sequential evaluation the ALJ referenced the consultative examinations of Dr. Sanford Selcon and Dr.

[3] See fn. 2, above.

Terrance Flanagan, the consultative examination of psychologist Dr. Barry Finkel, an October 2010 electrodiagnostic study and made repeated references to "review of the treatment notes." (Tr. at 17.) At step three of the sequential evaluation, the ALJ noted that "[n]o treating or examining physician [had] mentioned findings equivalent in severity to the criteria of any listed impairment" and that the evidence did not show medical findings that were the same or equivalent to any listed impairment. (Id. at 17-18.) The ALJ also noted that there was "no evidence of any extended period of increased symptoms requiring hospitalization, emergency room treatment, or intensive psychiatric care," and that the record did not show repeated episodes of decompensation. (Id. at 18.)

Plaintiff also argues that the ALJ erred at step two of the sequential evaluation by failing to find that plaintiff's right carpal tunnel syndrome and obesity were severe. (Pl.'s MSJ (Dkt. No. 15 at 11-12.) In support of his argument with respect to right carpal tunnel syndrome, plaintiff cites to a single scrawled treatment note, dated June 21, 2010, so difficult to read that plaintiff concedes that "[p]recisely what the positive, objective clinical signs were here may be partially indecipherable . . . ." (Pl.'s MSJ (Dkt. No. 15) at 11.) Plaintiff, however, does not identify any such "positive, objective clinical signs" even suggested by this treatment note that were not indecipherable.

In contrast to this brief and, at a minimum, partially indecipherable treatment note, the ALJ opinion discussed an October 2010 electrodiagnostic study which found that while plaintiff had a moderate case of right carpal tunnel syndrome, there was no evidence of atrophy, ulnar or radial neuropathy and found normal limits for radial and ulnar distal sensory latencies and amplitudes, medial distal motor amplitude, distal motor latency, amplitudes and conductions velocity. (Tr. at 17 & 364-65.) The ALJ's decision also discussed the September 24, 2010, consultative examination of Dr. Terrance Flanagan who found that plaintiff's wrists and hands had normal range of motion without deformity, swelling, palpable masses, inflammation, muscle atrophy, spasms or tenderness. (Id. at 17 & 333-34.)

With respect to plaintiff's obesity, the ALJ noted that plaintiff was obese and that obesity can be a contributing factor to his back, shoulder, knee and foot pain, but also noted that

plaintiff's treatment notes were devoid of any reference to complaints related to his obesity. (Id. at 17.) Plaintiff has pointed to no evidence disputing the ALJ's conclusion in this regard.

In light of the lack of evidence that either of these impairments resulted in any functional limitations the court cannot find that the ALJ erred by failing to find that plaintiff's right carpal tunnel syndrome and obesity were severe. See Burch v. Barnhart, 400 F.3d 676, 682-83 (9th Cir. 2005).

Finally, plaintiff argues that the ALJ erred by rejecting plaintiff's own subjective testimony. (Pl.'s MSJ (Dkt. No. 15) at 12.) Specifically, plaintiff argues the ALJ impermissibly rejected his subjective testimony based on his arguments already addressed above, i.e., because the ALJ failed to consider plaintiff's mental health treatment records and his "overall" physical impairments. (Pl.'s MSJ (Dkt. No. 15) at 12.)

The court, however, has already rejected those arguments. Moreover, a reading of the ALJ's opinion leads to the conclusion that, after a thorough discussion of the evidence and how it was inconsistent with plaintiff's testimony, the ALJ found that the "overall minimal medical treatment records, medical imagery and testing, and claimant's testimony challenge a finding that the claimant is completely credible . . . ."[4] (Tr at. 23.) These are clear and convincing reasons for the rejection of plaintiff's testimony. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment); Thomas v. Barnhart, 278 F.3d 947, 958-59 (ALJ may consider claimant's reputation for truthfulness and inconsistencies in testimony); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.")

/////

[4] Although the ALJ did not expressly rely upon this evidence in rejecting plaintiff 's testimony, the court notes that it appears plaintiff was convicted of credit card fraud. The ALJ could have also discredited plaintiff's testimony for that reason. See Albidrez v. Astrue, 504 F.Supp.2d 814, 822 (C.D. Cal. 2007); see also Davidson v. Colvin, No. 2:12-cv-0767 DAD, 2014 WL 2566026, at *4 (E.D. Cal. June 6, 2014).

Accordingly, plaintiff is also not entitled to summary judgment in his favor with respect to this claim.

CONCLUSION

For all of these reasons the court finds that plaintiff is not entitled to summary judgment in his favor with respect to any of his arguments.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 15) is denied;
2. Defendant's cross-motion for summary judgment (Dkt. No. 16) is granted; and
3. The decision of the Commissioner of Social Security is affirmed.

Dated: September 2, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\williams0011.ord.docx